William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Debtor and Debtor-in-Possession
and Specially Appearing for Defendant,
John Jean Bral

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| IN RE:<br><br>JOHN JEAN BRAL,<br><br>    Debtor and Debtor-in-Possession.<br><br>BEITLER & ASOCIATES, INC. dba BEITLER COMMERCIAL REALTY SERVICES,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN JEAN BRAL,<br><br>    Defendant | **Case No. 8:17-bk-10706-SC**<br><br>**Chapter 11 Proceeding**<br><br>**Adv. 8:17-ap-01094-SC**<br><br>**MOTION TO BIFURCATE ISSUES OF LIABILITY AND DISCHARGEABILITY IN ADVERSARY, OR TO STAY ADVERSARY UNTIL UNDERLYING LIABILITY ON CLAIMS IS DETERMINED IN ANOTHER PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. BRAL FILED CONCURRENTLY HEREWITH**<br><br>**DATE:**    **[TO BE SET]**<br>**TIME:**    **[TO BE SET]**<br>**PLACE:**   **411 West Fourth Street**<br>            **Santa Ana, CA  92701**<br>            **Courtroom 5C** |

1132089.3                                                                 1                                                                MOTION

John Jean Bral, the Debtor and Debtor-in-Possession and the Defendant in this adversary proceeding (the "Debtor"), hereby moves this Court for an order granting the following relief:

A. Bifurcating the issue of "liability" versus the issue of "dischargeability" in this adversary ("Adversary 94"), and trying the issue of liability issue first to eliminate any dispute regarding the Debtor's right to use property of the estate to pay the cost of litigating "liability" issues[1];

B. Alternatively, staying all further proceedings in Adversary 94 until the issue of liability on the disputed claims that serve as the foundation for the discharge issues raised therein are resolved through either 1) claims objection proceedings, or 2) the pending state court proceeding filed by the plaintiff where these same claims are in contest; and

C. Such further relief as this Court deems just and proper.

This Motion is made on the basis of the separately filed declaration of John J. Bral and the within memorandum of points and authorities.

Dated: September 18, 2017

LOBEL WEILAND GOLDEN FRIEDMAN, LLP

By: __/s/ William N. Lobel__
William N. Lobel
Alan J. Friedman
Beth E. Gaschen
Attorneys for Debtor and Debtor-in-Possession and Specially Appearing for John J. Bral, Defendant

---

[1] In re Westfall, 379 B.R. 798, 802–03 (Bankr. C.D. Ill. 2007) ("This Court must determine the existence of an underlying debt before reaching the dischargeability issues.").

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## PRELIMINARY STATEMENT

In Adversary 94, the plaintiff, Beitler & Associates, Inc. ("BAI"), alleges that the Debtor is indebted to BAI in the sum of "at least $300,000". BAI further contends that this indebtedness should be deemed non-dischargeable pursuant to 11 U.S.C. § 523. The debt or "claim" alleged in Adversary 94, which is also described in Proof of Claim No. 11 ("POC 11") and Proof of Claim No. 14 ("POC 14"), is not only unliquidated and disputed, it is currently the subject of a yet-to-be-tried action pending before the California Superior Court, Case No. BC543410 (the "State Court Action").

As the within authorities confirm, the issue of liability on a claim is distinct from the issue of the dischargeability of the claim. The Debtor is entitled to use property of the estate to litigate the first issue, he is not entitled to use property of the estate to litigate the latter. The purpose of this Motion is to draw a clear line between the issues of liability and dischargeability, and to thereby insure that the Debtor is afforded the opportunity to use property of the estate to pay the expenses incurred in resolving the first issue.

Although the discharge issue does not necessarily impact the rights of the other creditors, the issue of liability unquestionably does, since it directly impacts the amount of the distribution that such creditors will receive from the estate. Unless the relief proposed herein is granted, the plaintiff's invalid claims will be "allowed" by default, thereby unfairly diluting the valid claims of other creditors.

The issue of claim liability can be severed from the issue of claim dischargeability through one of the following three procedural options: 1) Staying further proceedings in Adversary 94 pending a liability determination in the State Court Action where these same claims are pending; 2) staying further proceedings in Adversary 94 pending a liability determination through the claims objection procedure available in the main bankruptcy case; or 3) bifurcating the issues of liability and dischargeability in this Adversary 94, and trying the issue of liability first. Granting any one of these alternative forms of relief will

1132089.2                                              3                                              MOTION

allow the Debtor to try the merits of BAI's purported claim as to the issue of liability without fear of being deprived of the means to pay for this defense. It will also avoid prejudicing the other creditors of the estate by allowing for a full and fair resolution of the claims being asserted by BAI.

## II

## SUMMARY OF MATERIAL FACTS

**A.    The State Court Action**. Prior to the Petition Date (as defined below), Barry Beitler and the Debtor invested in, and managed, a series of single purpose entities (collectively the "SPEs"). Each entity owned an individual property. The SPEs at issue in the claims described in Adversary 94 (and in POC 11 and POC 9) are Mission Medical Investors, LLC ("Mission"), Westcliff Investors, LLC ("Westcliff"), Javaher Investors, LLC ("Javaher"), Ocean View Medical Investors, LLC ("Ocean View"), Harbor Medical Investors, LLC ("Harbor") and Eye Street Medical Investors, LLC ("Eye").

On April 21, 2014, Beitler and BAI (the "Beitler Parties") filed a complaint in California Superior Court for the County of Orange commencing the State Court Action against the Debtor and two entities owned by the Debtor, Venture RE Group ("Venture"), (owned 50% by Bral and 50% by Beitler), Bral Realty Advisors, Inc. ("BRAI") (owned 100% by Bral), and the Debtor. In this action, the Beitler Parties alleged that the Debtor and his entities had failed to allocate to Beitler his proper percentage interest in the SPEs, in their respective operating agreements, made distributions from the SPEs that denied Beitler his allocable share, and paid commissions and management fees to himself from the SPEs' funds without authorization (collectively the "State Court Claims"). The Debtor, Venture and BRAI dispute these allegations.

The State Court Claims are inherently fact intensive, they encompass a period of many years, they involve the rights of four of five different entities, each of which has a

separate operating agreement, separate records and different investors and the resolution of said claims will be governed exclusively by the application of state law. In order to resolve whether or not the Beitler Parties have any claims, the presiding court will have to resolve a host of difficult legal issues and weigh the merits of competing forensic accounting reports and testimony.

### B. **The Bankruptcy Case**.

Beitler has substantially greater financial resources than the Debtor, and in the past he has used these resources to not only take advantage of the Debtor, but to bring about his financial ruin. For example, when the SPEs' loans fell into default, Beitler acquired these loans (through newly formed LLC's 100% owned and controlled by Beitler) and then foreclosed upon the properties owned by his former business partners/members. Worse, the entities controlled by Beitler then sought recourse against the Debtor on the guarantees that the Debtor executed securing these loans, but failed to seek recourse on the co-guarantees that Beitler and his related entities executed. Over time, the foregoing course of conduct, and the blizzard of litigation initiated by Beitler against the Debtor, forced the Debtor to commence this bankruptcy case on February 24, 2017 (the "Petition Date").

### C. **The Adversaries and the POCs**.

After the Petition Date, BAI filed Adversary 94 and Beitler filed <u>Beitler v. Bral</u>, Adversary Case No. 17-ap-01092-SC ("Adversary No. 92") (together "Adversary 92 and

1132089.2    5    MOTION

Adversary 94 are the "Adversaries")[2]. The allegations and claims alleged in the Adversaries are substantially the same.

In the First Claim for Relief alleged the Adversaries, the Beitler Parties contend that Bral made a series of promises to the Beitler Parties in the SPE operating agreements, and in other agreements, that Bral never intended to perform, and the Beitler Parties were damaged by this course of conduct. In the Second Claim for Relief, the Beitler Parties contend that Bral, in his capacity as the manager or co-manager of the SPEs, improperly distributed funds to himself and his entities that should have been distributed to the Beitler Parties.

The claims alleged in the Adversaries are the exact same claims alleged in POC 11 and POC 9[3], and in the State Court Action. Bral disputes these claims and contends that no liability is owed to the Beitler Parties.

## III

## LEGAL ANALYSIS

The issue of whether or not liability exists on a claim, is distinct from the issue of the dischargeability of the claim. See In re Anthony, 538 B.R. 145, 152 (Bankr. M.D. Fla. 2015) ("The issue of dischargeability is distinct from (a) adjudicating the merits of a defamation claim itself or (b) estimating or liquidating the amount of such claim, either of which may have to be tried in another forum."); In re Soltoff, 1 B.R. 180, 182 (Bankr. E.D.

---

[2] Steward Financial, LLC ("Steward") one of the entities 100% owned and controlled by Beitler filed, Steward Financial LLC v. Bral, Adversary Case No. 17 ap-1095-SC (Adversary No. 95). Another motion substantially similar to this Motion is being filed concurrently herewith in connection with Adversary No. 95.

[3] The Beitler Parties also filed Proof of Claim Nos. 10, 12, 13, and 15. However, these claims are not encompassed within the Adversaries.

Pa. 1979) ("Some jurisdictions, in balancing the equities of the case, will lift the stay of a state court action where it is determined that the issues are entirely local in nature and readily susceptible to prompt state court resolution."). This Motion seeks to obtain a ruling that will enable the Debtor try the liability part of the claims dispute pending before the Court in the Adversaries, separate from the dischargeability part.

The lack of clarity with respect to the liability/dischargeability issue presented in this case does not arise in the claims objection context where the issue in contest is liability. Estate resources can and should be used to pay the legal fees and costs incurred in these contests. The objecting debtor need only show that "the services were 'reasonably likely' to benefit the estate at the time the services were rendered." <u>Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Company, (In re Mednet )</u>, 251 B.R. 103, 108 (9th Cir. BAP 2000); <u>see also</u> <u>In re Quigley Co., Inc.</u>, 391 B.R. 695, 703 (Bankr. S.D.N.Y. 2008) ("For example, recoveries through preference and fraudulent transfer litigation, or successful objections to claims, generally inure to the benefit of the entire creditor body."). In the present case, a determination of liability to the Beitler Parties is critical given the significant impact said liability could have on other creditors of the estate.

The liability versus discharge issues only becomes muddied where a creditor seeks to concurrently try the issue of liability on a claim in the same proceeding where the issue of the dischargeability of the claim is also tried. In this context, an opportunistic creditor will seek to win by default by legally "pauperizing" the debtor, citing cases holding that the debtor cannot use estate property to defend himself or herself. See <u>In re Waxman</u>, 148 B.R. 178, 182 (Bankr.E.D.N.Y.1992); <u>In re Kingsbury</u>, 146 B.R. 581, 585 (Bankr.D.Me.1992); <u>In re Bennett</u>, 133 B.R. 374, 378 (Bankr.N.D.Tex.1991). Although, the law is clear that only the use of estate funds to mount a defense as to the issue of

1132089.2                                        7                                        MOTION

dischargeability is barred, by merging the dischargeability issue with the liability issue, a creditor can raise a challenge to the compensability of legal fees from estate property. This threat deprives the debtor of representation, thereby conveying an easy victory to the creditor, notwithstanding the fact that a meritorious defense could well exist to the claim alleged. Not only does this unfairly prejudice the Debtor, it works a severe prejudice on the other creditors of the estate, who may find themselves sharing the estate's assets with the holders of non-meritorious claims.

The Debtor would respectfully submit that there are already sufficient rich/poor inequities in the bankruptcy system. Allowing well-heeled purported creditors, such as the Beitler Parties, to create another inequity by blurring the lines between the issue of liability and dischargeability—a tactic that will essentially deny the Debtor and the other creditors of the estate, due process—should be rejected.

**IV**

**CONCLUSION**

For the foregoing reasons, the Debtor would respectively pray that the Court grant the Motion.

Dated: September 18, 2017

LOBEL WEILAND GOLDEN FRIEDMAN, LLP

By: */s/ William N. Lobel*
William N. Lobel
Alan J. Friedman
Beth E. Gaschen
Attorneys for Debtor and Debtor-in-Possession and Specially Appearing for John J. Bral, Defendant

1132089.2

8

MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled **MOTION TO BIFURCATE ISSUES OF LIABILITY AND DISCHARGEABILITY IN ADVERSARY, OR TO STAY ADVERSARY UNTIL UNDERLYING LIABILITY ON CLAIMS IS DETERMINED IN ANOTHER PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF JOHN J. BRAL FILED CONCURRENTLY HEREWITH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 18, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 18, 2017**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/18/2017 | Nancy Lockwood | /s/ Nancy Lockwood |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**