

William N. Lobel, State Bar No. 93202
wlobel@lwgfllp.com
Alan J. Friedman, State Bar No. 132580
afriedman@lwgfllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@lwgfllp.com
**LOBEL WEILAND GOLDEN FRIEDMAN LLP**
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002
Attorneys for Defendant and
Debtor and Debtor-in-Possession
John Jean Bral

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>JOHN JEAN BRAL,<br><br>        Debtor and<br>        Debtor-in-Possession. | Case No. 8:17-bk-10706-SC<br><br>Chapter 11<br><br>Adv. Case No. 8:17-ap-01094-SC |
| BEITLER & ASSOCIATES, INC. dba<br>BEITLER COMMERCIAL REALTY<br>SERVICES,<br><br>        Plaintiff,<br><br>     v.<br><br>JOHN JEAN BRAL,<br><br>        Defendant. | **DEFENDANT JOHN JEAN BRAL'S MOTION FOR ORDER DISMISSING WITH PREJUDICE ALL CLAIMS FOR RELIEF ASSERTED BY PLAINTIFF BEITLER & ASSOCIATES, INC. dba BEITLER COMMERCIAL REALTY SERVICES PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF**<br><br>**[COMPENDIUM OF EXHIBITS AND DECLARATION OF LORI GAUTHIER FILED CONCURRENTLY HEREWITH]**<br><br><u>Hearing Date and Time:</u><br>**DATE:    December 7, 2017**<br>**TIME:     11:00 a.m.**<br>**PLACE: Courtroom 5C**<br>           **411 West Fourth Street**<br>           **Santa Ana, California 92701** |

MOTION TO DISMISS

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  PRELIMINARY STATEMENT ................................................................................ 2

II.  SUMMARY OF MATERIAL FACTS ...................................................................... 3

    A.  The SPEs .................................................................................................. 3

    B.  The Management Entities and BCRS' Claims Regarding the
        Payment of Management Fees and Commissions ...................................... 5

III.  THE BURDEN OF PROOF UNDER F.R.C.P. 12(B)(6) ....................................... 7

    A.  BCRS' Claims Do Not Satisfy the Standing Requirement ......................... 8

    B.  Any Claim Based on the Operating Agreements Would Be
        Barred by the Statute of Limitations ........................................................ 10

    C.  Any Claim Based on the VREG Management Agreement, the
        VREG Brokers Agreement and/or the VREG Deferral
        Agreement is Barred by the Statutes of Limitations ................................. 11

    D.  BCRS' Claims are Barred by the Doctrine of Laches .............................. 12

    E.  The Fiduciary Relationship Required For Relief Under 11
        U.S.C. § 523(a)(4) Is Not Present On The Facts Alleged ......................... 13

IV.  CONCLUSION ................................................................................................... 14

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*,
5   289 F. Supp. 2d 986, 995 (ND Ill. 2003) ............................................................... 7

Aulson v. Blanchard,
6   83 F.3d 1, 3 (1st Cir. 1996)...................................................................................... 8

7
Benson v. Arizona State Bd. of Dental Examiners,
8   673 F.2d 272, 275-76 (9th Cir. 1982)...................................................................... 8

Danjaq LLC v. Sony Corp.,
9   263 F.3d 942 (9th Cir. 2001) ................................................................................. 12

10   ewis v. Scott (In re Lewis),
11   97 F.3d 1182, 1185 (9th Cir.1996 ......................................................................... 14

Fuller v. First Franklin Financial Corp.,
12   216 Cal.App.4th 955, 163 Cal.Rptr.3d 44 (2013)................................................. 11

13   Holden v. Hagopian,
14   978 F.2d 1115, 1121 (9th Cir. 1992)......................................................................... 8

In Bell Atlantic Corp. v. Twombly,
15   550 U.S. 544, 127 S.Ct. 1955, 1968-69 (2007) ..................................................... 7

16   In re Campbell,
17   336 B.R. 430, 436 (B.A.P. 9th Cir. 2005)............................................................... 9

In re Cantrell,
18   329 F.3d 1119, 1125 (9th Cir. 2003)............................................................... 13, 14

19   Informix Software, Inc. v. Oracle Corp.,
20   927 F.Supp. 1283, 1285 (N.D. Cal. 1996) ............................................................. 8

Latta v. Western Inv. Co.,
21   173 F.2d 99 (1949) ............................................................................................... 12

22   Lennar Mare Island, LLC v. Steadfast Ins. Co.,
23   139 F. Supp. 3d 1141 (E.D. Cal. 2015).................................................................. 10

Lujan v. Defs. of Wildlife,
24   504 U.S. 555, 112 S. Ct. 2130, 2134, 119 L. Ed. 2d 351 (1992) ........................... 9

25   Magic Kitchen LLC v. Good Things Int'l Ltd.,
26   153 Cal. App. 4th 1144, 63 Cal. Rptr. 3d 713 (2007)............................................ 12

Miller v. Glenn Miller Productions, Inc.,
27   454 F.3d 975 (9th Cir.2006)................................................................................... 12

28   N. Star Reins. Corp. v. Super. Ct.,

1

## TABLE OF AUTHORITIES (cont.)

2

**Page(s)**

3
    10 Cal. App. 4th 1815, 13 Cal. Rptr. 2d 775 (1992) .......................................... 10

4
*Papasan v. Allain,*
    478 U. S. 265, 286 (1986) ............................................................................... 7

5

6
*Saterbak v. Nat'l Default Servicing Corp.,*
    2016 WL 4430922 (S.D. Cal. Aug. 22, 2016) ................................................. 10

7
*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State,*
    *Inc.,*

8
    454 U.S. 464, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) ..................................... 9

9
*William L. Lyon & Associates, Inc. v. Superior Court,*
    204 Cal.App.4th 1294, 139 Cal.Rptr.3d 670 (2012) ....................................... 12

10

11
*Zakaessian v. Zakaessian,*
    70 Cal. App. 2d 721 (1945) ............................................................................ 10

12
**Statutes**

13
11 U.S.C. 523(a)(4) ...................................................................................... 2, 13, 14

14
11 U.S.C. § 523(a)(2)(A) ......................................................................................... 2

15
11 U.S.C. § 523(a)(6) .............................................................................................. 2

16
Cal. Civ. Code § 3527 ............................................................................................ 12

17
Cal. Civ. Code. § 339 ............................................................................................. 11

18
**Rules**

19
Fed. R. Civ. Proc. 1357 ........................................................................................... 8

20
Fed. R. Civ. Proc. 1216 ........................................................................................... 7

21
Fed. R. Civ. Proc. 12(b)(6) ............................................................................. 2, 7, 11

22
Fed. R. Bankr. P. 9011 ............................................................................................ 7

23

24

25

26

27

28

1   **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2   **JUDGE, BARRY BEITLER, AND ALL OTHER INTERESTED PARTIES:**

3         John Jean Bral, the debtor and debtor-in-possession in the above-captioned

4   chapter 11 case and the defendant herein (the "Debtor" or "Bral"), hereby moves the

5   Court, pursuant to Federal Rule of Bankruptcy Procedure 7012, adopting Federal Rule of

6   Civil Procedure 12, for an order dismissing that certain *Complaint to Determine Non-*

7   *Dischargeability of Debt Under Bankruptcy Code Section 523* (the "Complaint"), filed by

8   Beitler & Associates, Inc., dba Beitler Commercial Realty Services ("BCRS"), an entity

9   wholly-owned by Barry Beitler ("Beitler").

10        This Motion is based on the attached Memorandum of Points and Authorities and

11  Declaration of John Jean Bral (the "Bral Declaration"), and the concurrently filed

12  Compendium of Exhibits (the "COE") and Declaration of Lori Gauthier (the "Gauthier

13  Declaration").

14        **WHEREFORE**, the Debtor requests that the Court enter an Order (i) dismissing the

15  Complaint with prejudice in its entirety; and (ii) for such other and further relief as may be

16  just and proper under the circumstances of this case.

17                                          Respectfully submitted,

18  Dated:  November 9, 2017               LOBEL WEILAND GOLDEN FRIEDMAN LLP

19

20                                         By:  */s/ William N. Lobel*
                                                WILLIAM N. LOBEL
21                                              ALAN J. FRIEDMAN
                                                BETH E. GASCHEN
22                                              Attorneys for Defendant and Debtor
                                                and Debtor-in-Possession
23                                              John Jean Bral

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## I.   PRELIMINARY STATEMENT

The allegations made in this adversary ("Adversary 94") are essentially the same as the allegations made by Beitler in adversary 8:17-ap-01092-SC ("Adversary 92"). In sum, BCRS contends the Debtor used his position as the co-manager of certain special purpose entities (defined herein as the "SPEs" and, in certain contexts, the "LLCs") to make unauthorized commission and management fee payments to entities that he either owned or controlled, to the detriment of BCRS and Beitler.  According to BCRS, it has suffered at least $300,000 in damages on account of the foregoing course of conduct and said claim should be deemed non-dischargeable pursuant to Sections 523(a)(2)(A),  (4) and  (6) of the Bankruptcy Code.  As set forth herein, BCRS does not hold the claims alleged, such claims are barred by, inter alia, the statute of limitations, and the fact that the requisite "fiduciary" relationship required for relief based upon Section 523(a)(4) does not exist in this case.[1] Therefore, the Complaint should be dismissed, with prejudice, in its entirety.[2]

---

[1] The Debtor disputes Beitler's allegations in the Complaint on the merits. However, even assuming for the purposes of this Motion that such allegations are taken as true, for the reasons set forth herein, such claims are barred as a matter of law and subject to dismissal under FRCP 12(b)(6).

[2] On June 16, 2017, BCRS filed a proof of claim ("Claim No. 9"), which mirrors the claims asserted by BCRS in the instant Complaint (Adversary No. 94).  On October 13, 2017, the Debtor filed an objection to Claim No. 9, raising substantially the same legal defects as to the underlying claims as those raised by this Motion (as well as objecting to the merits of the claims).  [Main Case Dkt. No. 151].  True and correct copies of Claim No. 9, the Debtor's objection to Claim No. 9, and the Debtor's declaration in support of the objection, are attached as Exhibits "A," "B" and "C," respectively, to the RJN.

In addition, on June 16, 2017, Beitler filed a proof of claim ("Claim No. 11") asserting substantially the same claims (with the exception of adding one claim for relief and asserting damages in the higher amount of $1.5 million) than the Claims asserted by BCRS in Claim No. 9 and in this Adversary No. 94.  The issues raised by Claim No. 11 mirror certain of the claims asserted by Beitler in Adversary No. 92 (with the remaining claim asserted in Adversary No. 92 being covered by another proof of claim ("Claim No. 14") filed by Beitler).  On October 13, 2017, the Debtor filed an objection to Claim No. 11 (and to Claim No. 14).  [Main Case Dkt. Nos. 153 (and 161)].  Concurrently herewith, the Debtor has filed a motion to dismiss Adversary No. 92.

(Continued...)

MOTION TO DISMISS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

1  **II.    SUMMARY OF MATERIAL FACTS**

2       **A.    The SPEs**

3       Prior to 2007, Beitler and the Debtor formed a series of limited liability companies

4  to acquire and manage commercial real estate projects in Southern California.  (Bral

5  Declaration, ¶ 2; Complaint, ¶¶ 4, 5, 11 and 16).  These limited liability companies include

6  Westcliff Investors, LLC ("Westcliff"), Mission Medical Investors, LLC ("Mission"), Ocean

7  View Medical Investors, LLC ("Ocean View") and Harbor Medical Investors, LLC

8  ("Harbor").   (Bral Declaration, ¶ 2; Complaint, ¶¶ 5, 11 and 16).   The Operating

9  Agreements governing the affairs of Westcliff, Mission, Ocean View and Harbor designate

10  Beitler and the Debtor as the co-managers of these entities.  (COE, Exhibits "1" through

11  _____

12  (...Continued)

13  Such claims by Beitler fail for the reasons set forth in the Debtor's concurrently filed motion to
   dismiss Adversary No. 92, which is incorporated by this reference as though fully set forth herein.

14

15       The instant Complaint is essentially a duplicate of the Complaint filed by Beitler in
   Adversary No. 92, wherein Beitler asserts that, in addition to the claims relating to the
   management fees and commissions at issue in this action, the Debtor did not properly account for

16  Beitler's capital contributions to the SPEs and deprived Beitler of the additional membership
   interests, benefits and distributions that he was allegedly entitled to on account of these capital

17  contributions.  These allegations are also interspersed throughout the Complaint, but are not
   appropriately asserted *by BCRS* by way of Adversary No. 94, Claim No. 9 or otherwise.  To the

18  extent appropriate, the Debtor incorporates herein his responses to Beitler's claims in this regard
   (by way of the Debtor's concurrently filed motion to dismiss Adversary No. 92 and his objection to

19  Claim No. 14), but does not otherwise address these issues here as *BCRS* does not have
   standing to raise such claims on behalf of *Beitler*.

20

21       Lastly, the instant Complaint (Section D, ¶¶ 39-46) contains a section asserting that
   Steward Financial LLC ("Steward") (an entity owned by Beitler) is entitled to a damage claim

22  against the Debtor in the amount of at least $1.1 million – reflecting the differential between
   Steward's first and second credit bids that it made in connection with its acquisition of real property

23  previously owned by one of the SPEs, Ocean View (as defined herein).  These allegations form
   the basis for *Steward's* claims against the Debtor (in Adversary No. 95 and in Proof of Claim No.

24  19 filed by Steward on June 16, 2017 ("Claim No. 19")).  On October 13, 2017, the Debtor filed an
   objection to Claim No. 19. [Main Case Dkt. No. 157].  Concurrently herewith, the Debtor has filed

25  a motion to dismiss Adversary No. 95.  To the extent the "factual background" related to the
   Steward claim set forth in the Complaint filed by BCRS in this Adversary No. 94 purports to assert

26  a damage claim *by BCRS* against the Debtor, such claim fails on standing grounds and further
   fails for the reasons set forth in the Debtor's concurrently filed motion to dismiss Steward's

27  Adversary No. 95, which is incorporated by this reference as though fully set forth herein.

28

MOTION TO DISMISS

1  "4") (*see also* Complaint, ¶ 9 (as to Mission), ¶ 13 (as to Westcliff) and ¶ 18 (as to Mission

2  and Westcliff)).

3        The Debtor also formed Javaher Investors, LLC ("Javaher") and Eyestreet Medical

4  Investors, LLC ("Eyestreet"), entities that also own and manage commercial real estate

5  projects. (Bral Declaration, ¶ 3). The Debtor is the co-manager of Javaher. (Id.) The

6  Debtor does not own an interest in Javaher, but Westcliff is a member. (Id.) The Debtor

7  is the co-manager of Eyestreet and owns a small membership interest in this entity. (Id.)

8  Contrary to the allegations in the Complaint (¶ 16), Beitler does not hold any interest in

9  either Javaher or Eyestreet and he is not the manager of either entity. (Id.)

10        Westcliff, Mission, Ocean View, Harbor, Javaher and Eyestreet are collectively

11  referred to as the "SPEs" herein (and Westcliff and Mission, together, are referred to as

12  the "LLCs"). True and correct copies of the Operating Agreements that govern the affairs

13  of the SPEs are attached to the COE as Exhibits "1" through "6," as follows:

14        a.        Exhibit "1" – Westcliff Operating Agreement;

15        b.        Exhibit "2" – Mission Operating Agreement;

16        c.        Exhibit "3" – Ocean View Operating Agreement;

17        d.        Exhibit "4" – Harbor Operating Agreement;

18        e.        Exhibit "5" – Javaher Agreement; and

19        f.        Exhibit "6" – Eyestreet Operating Agreement.

20        Pursuant to their respective Operating Agreements, the co-managers of Westcliff,

21  Mission, Ocean View and Harbor – Beitler and the Debtor – were jointly responsible for

22  managing the affairs of these entities, jointly responsible for supervising the retention and

23  maintenance of their books and records, and they were jointly designated as the tax

24  matters partners of these entities. (Bral Declaration, ¶ 6; COE, Exhibits "1" through "4").

25  The Debtor was responsible for performing these duties for Javaher and Eyestreet. (Bral

26  Declaration, ¶ 6; COE Exhibits "5" and "6").

27        After the LLCs were formed, Beitler set up the "Quickbooks" based accounting

28  system that is still used by the LLCs today (Bral Declaration, ¶ 8) and, for approximately

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

4

MOTION TO DISMISS

1  ten years, Beitler's personal accountant, Robert Sargent, prepared the LLCs' tax returns.

2  (Bral Declaration, ¶ 9).  At no point in time has Beitler (individually or on behalf of BCRS)

3  contended that the tax returns, which were annually prepared and filed on behalf of

4  Westcliff, Mission, Ocean and Harbor, were inaccurate.  (Bral Declaration, ¶ 10).  Those

5  tax returns, prepared by Beitler's accountant, clearly state the membership interests are

6  owned by Beitler and Bral.

**B.    The Management Entities and BCRS' Claims Regarding the**
**Payment of Management Fees and Commissions**

9  Following their formation, the SPEs required management services and brokerage

10  services, such as leasing and lease renewal.   (Bral Declaration, ¶ 11).  In 2006, the

11  Debtor formed Venture RE Group, a California corporation ("VREG") to perform such

12  services for the SPEs.  (Bral Declaration, ¶ 12).  As evidenced by the K-1s issued to

13  Beitler from VREG, VREG is owned 50% by the Debtor and 50% by Beitler.  (Bral

14  Declaration, ¶ 12; COE, Exhibit "7").

15  In October 2013, the Debtor formed Bral Realty Advisors, Inc., a California

16  corporation ("BRAI").  (Bral Declaration, ¶ 13), and BRAI has performed the foregoing

17  services for certain of the SPEs, when necessary, in the place of VREG.

18  The Mission, Ocean View, Harbor and Javaher Operating Agreements state that

19  BCRS is entitled to receive commissions for sales and leasing work performed for these

20  entities.  (COE, Exhibits "2" through "5;" Complaint, ¶ 22).  The Westcliff Operating

21  Agreement states that sales and leasing commissions are to be split between the Debtor

22  and Beitler.  (COE, Exhibit "1;" Complaint, ¶ 23).  The Eyestreet Operating Agreement

23  states that sales and leasing commissions are payable solely to VREG.  (COE, Exhibit "6,"

24  Complaint, ¶ 34).

25  In the Complaint (¶¶ 22-37), BCRS alleges that, with the exception of Eyestreet,

26  there was no provision for VREG to be paid sale and leasing commissions in connection

27  with the SPEs. Therefore, any commissions that were paid to VREG by said these entities

28  were paid in contravention of the terms of the Operating Agreements.  BCRS further

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

MOTION TO DISMISS

1  alleges that VREG was never authorized to act as the property manager for the SPEs as

2  required by the Operating Agreements.

3      The foregoing allegations are not only false, they contradict admissions in the

4  Complaint itself (see Complaint, ¶ 18),[3] and representations made in other court filings,

5  such Proof of Claim No. 9. (Gauthier Decl., Exhibit "A"). In the latter filing, which was

6  made under the penalty of perjury, BCRS expressly acknowledges VREG's authorized

7  role as the entity providing management and leasing services to the SPEs. Indeed, in the

8  latter filing, BCRS states that Beitler and the Debtor entered into the following oral

9  agreements relating to the management of the SPEs' business:[4]

10      A. VREG would provide management services to the SPEs and the

11          revenues from these services would be split equally between Beitler

12          and the Debtor (the "VREG Management Agreement");

13      B. Beitler would place his real estate license with VREG to enable VREG

14          to provide leasing services to the SPEs, and Beitler and the Debtor

15          would then split the commissions equally (the "VREG Broker

16          Agreement"); and

17      C. Beitler would allow the Debtor to take Beitler's share of the VREG's

18          revenues for a period of time and then the Debtor would repay these

19          deferred fees (the "VREG Deferral Agreement") (collectively, the

20          "VREG Agreements").

21  (Gauthier Decl., Exhibit "A").

22      According to Claim No. 9, the Debtor allegedly breached the VREG Management

23  Agreement, the VREG Broker Agreement and the VREG Deferral Agreement by either

24  _____

25  [3] In paragraph 18 of the Complaint, BCRS states that the Debtor, either individually or through VREG and BRAI, managed and controlled the operations of the SPEs.

26  [4] The Debtor disputes these allegations as to the allocation and repayment of the fees and commissions, but even taking such allegations as true, as discussed herein, the underlying claims

27  would still fail.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

MOTION TO DISMISS

1  appropriating or failing to repay Beitler's share of the management fees and commissions.

2  To the extent that the Complaint is premised upon the contention that VREG was not

3  authorize to provide services to the SPEs and to be paid for the same, such contentions

4  are estopped by the admissions made in Claim No. 9 to the contrary.[5]

5      As discussed in further detail hereinbelow, BCRS has failed to establish a prima

6  facie case for allowance of its claims, and they should be disallowed in their entirety on

7  the grounds the same are vague, ambiguous, contradictory and unsupported by evidence.

8  In addition, BCRS has failed to demonstrate that it has standing to bring the claims.

9  Finally, the claims are barred by the statute of limitations and by the doctrine of laches.

## III.   THE BURDEN OF PROOF UNDER F.R.C.P. 12(B)(6)

    In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1968-69 (2007),
the Supreme Court clarified the standard that should be applied in assessing the merits of
a complaint that is challenged by a motion filed under Federal Rule of Civil Procedure
12(b)(6):

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to
> relief" requires more than labels and conclusions, and a formulaic recitation
> of the elements of a cause of action will not do, *see Papasan v. Allain*, 478
> U. S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to
> accept as true a legal conclusion couched as a factual allegation"). **Factual
> allegations must be enough to raise a right to relief above the
> speculative level,** *see* 5 C. Wright & A. Miller, Federal Practice and
> Procedure § 1216, pp. 235-236 (3d ed. 2004) (hereinafter Wright & Miller)
> ("[T]he pleading must contain something more ... than ... a statement of
> facts that merely creates a suspicion [of] a legally cognizable right of
> action")
>
> ...
>
> [W]hen the allegations in a complaint, however true, could not raise a claim
> of entitlement to relief. "**this basic deficiency should . . . be exposed at
> the point of minimum expenditure of time and money by the parties
> and the court.**'" 5 Wright & Miller §§ 1216, at 233-234 . . . *see also Dura,
> supra,* at 346; *Asahi Glass Co. v. Pentech Pharmaceuticals, Inc.*, 289 F.
> Supp. 2d 986, 995 (ND Ill. 2003) (Posner, J., sitting by designation)
> ("[S]ome threshold of plausibility must be crossed at the outset before a

---

[5] In fact, in light of the fundamentally contrary allegations made by Beitler in this regard, the continued
prosecution of the Complaint, as filed, should be denied as violative of Bankruptcy Rule 9011.

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

MOTION TO DISMISS

1  patent antitrust case should be permitted to go into its inevitably costly and
protracted discovery phase").

2

3  Twombly, 127 S.Ct. at 1968-69 (emphasis added). See also Holden v. Hagopian, 978

4  F.2d 1115, 1121 (9th Cir. 1992) ("Although we are obliged to presume that all factual

5  allegations in appellants' complaint are true, ... we do not "have to accept every allegation

6  in the complaint as true in considering its sufficiency; rather, ... [we] will examine whether

7  conclusory allegations follow from the description of facts as alleged by the plaintiff.");

8

9  Benson v. Arizona State Bd. of Dental Examiners, 673 F.2d 272, 275-76 (9th Cir. 1982)

10  (court need not accept conclusory legal assertions); Informix Software, Inc. v. Oracle

11  Corp., 927 F.Supp. 1283, 1285 (N.D. Cal. 1996) ("Conclusory allegations, unsupported by

12  the facts alleged, need not be accepted as true."); Aulson v. Blanchard, 83 F.3d 1, 3 (1st

13  Cir. 1996) ("The court is not obliged to accept "bald assertions, unsupportable

14  conclusions, periphrastic circumlocutions, and the like."); 4 Wright & Miller, Federal

15  Practice and Procedure § 1357 ("However, the court will not accept conclusory allegations

16  concerning the legal effect of the events plaintiff has set out if these allegations do not

17  reasonably follow from his description of what happened, or if these allegations are

18  contradicted by the description itself.").

19

20  ### A.    BCRS' Claims Do Not Satisfy the Standing Requirement

21  In the Complaint, BCRS contends that the Debtor caused the SPEs to make

22  payments to VREG that were unauthorized. *These payments were made by the SPEs*

23  *from revenue derived from the SPEs' property*. If, in fact, these payments were

24  unauthorized, then the SPEs have recourse against the Debtor, not BCRS. Moreover, if

25  BCRS was not paid what it claims it was owed by the SPEs on account of the alleged

26  wrongdoing of the SPEs' agent, the Debtor, then BCRS's recourse is against the SPEs for

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

8

1  non-payment. There is no scenario on these facts where BCRS has the right to usurp and

2  pursue the SPEs' alleged claim against the Debtor. BCRS's obligor (as the party owing

3  the commissions) is the SPEs, not the Debtor.

4       Moreover, a standing defect arises due to the conflicting claims alleged in

5  Adversary 94 and Adversary 92. In this Adversary No. 94 (and in Claim No. 9), BCRS

6  seeks recompense for the same purported damages asserted by Beitler in Adversary No.

7  92 (and in Claim No. 11).  Since neither Beitler nor BCRS have alleged joint ownership of

8  this duplicative claim for damages, one of these parties is necessarily asserting a claim it

9  does not hold.  The party invoking federal jurisdiction bears the burden of establishing that

10 it holds the claim alleged. Lujan v. Defs. of Wildlife, 504 U.S. 555, 112 S. Ct. 2130, 2134,

11 119 L. Ed. 2d 351 (1992). Failure to satisfy this burden gives rise to a fatal standing

12 defect.  See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State,

13

14 Inc., 454 U.S. 464, 474-75, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (holding that "the

15 plaintiff generally must assert his own legal rights and interests, and cannot rest his claim

16 to relief on the legal rights or interests of third parties.").  To the extent that Beitler and

17 BCRS have a rational basis for allocating ownership of the damages alleged in these

18 claims, that basis has not been set forth in either Adversary No. 92 (Beitler) or Adversary

19

20 No. 94 (BCRS). This justifies the dismissal of both complaints.  See In re Campbell, 336

21 B.R. 430, 436 (B.A.P. 9th Cir. 2005).

22

23

24

25

26

27

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714.966.1000  Fax 714.966.1002

MOTION TO DISMISS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**B.** **Any Claim Based on the Operating Agreements Would Be Barred by the Statute of Limitations**

As indicated above, BCRS's claims are based upon the contention that the Debtor made payments from the SPEs funds to VREG (and/or BRAI)[6] without authorization and in violation of the SPEs' respective Operating Agreements. Although these allegations are directly contrary to other allegations in the Complaint itself and in Claim No. 9 (which acknowledges the existence of oral agreements authorizing these payments[7]), even if these allegations were true, they are barred by the statute of limitations.[8]

The Mission OPA was executed in 2004 and the Westcliff OPA was executed in 2003. The other SPEs (and VREG) were all formed prior to 2007.[9] Any attempt to attack the payments by the SPEs to VREG at this point in time would be prohibited by the statute of limitations. See Lennar Mare Island, LLC v. Steadfast Ins. Co., 139 F. Supp. 3d 1141, 1165 (E.D. Cal. 2015) ("The statute of limitations for a reformation claim is three years. Cal. Civ. Proc. Code § 338(d)"); N. Star Reins. Corp. v. Super. Ct., 10 Cal. App. 4th 1815, 1818, 13 Cal. Rptr. 2d 775 (1992); Saterbak v. Nat'l Default Servicing Corp., 2016 WL 4430922, at 8 (S.D. Cal. Aug. 22, 2016) (Four-year statute of limitations in Section 343 of the California Code of Civil Procedure requires applies to actions to set aside or avoid a contract); Zakaessian v. Zakaessian, 70 Cal. App. 2d 721, 725 (1945).

As explained below, if the applicable period upon which the statute of limitations is calculated is the date of the last payment to either VREG or BRAI, and the claim is based upon an oral contract between the Debtor and BCRS (which is the contention in Claim No.

---

[6] VREG was formed in 2006.  BRAI was formed in October 2013.

[7] These oral agreements are discussed below.

[8] Although these payments were being made to VREG since its formation in 2006 and Beitler is a 50% owner of VREG, in support, BCRS references only a July 2014 meeting in which such "lack of consent" was raised by Beitler (and his sister, Ms. Boyd).

[9] Mission and Westcliff were formed in 2003.  Javaher was formed in 2005.  Ocean View, Harbor and Eyestreet were formed in 2006.  VREG was also formed in 2006.

MOTION TO DISMISS

1  9), then all claims based upon payments made before February 23, 2015 are barred by

2  the two-year statute of limitations. Cal.Code Civ. Proc. § 339.  If the claim is based upon a

3  breach of the SPEs' Operating Agreements, which means the same is held by the SPEs,

4  not Beitler, then the statute of limitation ran as to all payments made before February 23,

5  2013. Cal. Code Civ. Proc. § 337.

**C.    Any Claim Based on the VREG Management Agreement, the VREG**

**Brokers Agreement and/or the VREG Deferral Agreement is Barred by**

**the Statutes of Limitations**

9  Notwithstanding the claims in the Complaint, as set forth above, in Claim No. 9,

10  BCRS admits that the issues with respect to the payment of unspecified management

11  fees and commissions[10] are governed by the *oral* VREG Management Agreement, the

12  *oral* VREG Broker Agreement and the *oral* VREG Deferral Agreement.[11] These claims are

13  clearly barred by the two-year statute of limitations in C California Code of Civil Procedure

14  § 339.

15  To the extent the foregoing breach of contract claims are framed as breach of

16  fiduciary duty claims, they would still be barred by the three or four-year statute of

17  limitations applicable to such claims. See Am. Master Lease LLC v. Idanta Partners, Ltd.,

18  225 Cal. App. 4th 1451, 1479, 171 Cal. Rptr. 3d 548, 570 (2014), *as modified* (May 27,

19  2014) ("The statute of limitations for breach of fiduciary duty is three years or four years,

20  depending on whether the breach is fraudulent or nonfraudulent."); Fuller v. First Franklin

21  Financial Corp., 216 Cal.App.4th 955, 963, 163 Cal.Rptr.3d 44 (2013) ("[L]imitations

22

23

24  [10] BCRS fails to specify in the Complaint (or Claim No. 9) what commissions or fees were not paid to it as allegedly agreed under the VREG Management, Brokers and Deferral Agreements or otherwise, or when even this breach supposedly occurred.  For this reason alone, these claims are subject to dismissal under F.R.C.P. 12(b)(6) as they are so vague, ambiguous and unsupported by evidence that they fail to meet the standard of pleading required by Twombley and its progeny.

26  [11] The Debtor disputes BCRS' allegations as to the allocation and repayment of the fees and commissions under these oral agreements, but even taking such allegations as true, the

27  underlying claims are still subject to dismissal as a matter of law.

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

MOTION TO DISMISS

1  period is three years ... for a cause of action for breach of fiduciary duty where the

2  gravamen of the claim is deceit, rather than the catchall four-year limitations period that

3  would otherwise apply"); William L. Lyon & Associates, Inc. v. Superior Court, 204

4  Cal.App.4th 1294, 1312, 139 Cal.Rptr.3d 670 (2012) ("Breach of fiduciary duty not

5  amounting to fraud or constructive fraud is subject to the four-year 'catch-all statute' of

6  Code of Civil Procedure section 343.").

7  **D.    BCRS' Claims are Barred by the Doctrine of Laches**

8      The defense of laches is derived from the maxim that "[t]he law helps the vigilant,

9  before those who sleep on their rights."  Cal. Civ. Code § 3527.  Stated otherwise,

10 "[e]quity frowns upon stale demands [and] declines to aid those who have slept on their

11 rights."  Latta v. Western Inv. Co., 173 F.2d 99, 107 (1949).  A defendant must

12 demonstrate three elements to successfully assert a laches defense: (1) delay in asserting

13 a right or a claim; (2) the delay was not reasonable or excusable; and (3) the prejudice

14 resulting from the delay.  Magic Kitchen LLC v. Good Things Int'l Ltd., 153 Cal. App. 4th

15 1144, 1157, 63 Cal. Rptr. 3d 713, 723–24 (2007); Miller v. Glenn Miller Productions,

16 Inc., 454 F.3d 975, 997 (9th Cir. 2006).

17     The first element of laches is delay, as measured by the period "from when the

18 plaintiff knew (or should have known) of the allegedly infringing conduct, until the initiation

19 of the lawsuit in which the defendant seeks to counterpose the laches defense."  Magic

20 Kitchen, 153 Cal. App. 4th 1144, 1157, *citing* Danjaq LLC v. Sony Corp., 263 F.3d 942,

21 952 (9th Cir. 2001).  Since Beitler (the owner of BCRS) was the co-managing member of

22 every SPE, except Javaher and Eyestreet, and since his personal accountant prepared

23 the tax returns for approximately 10 years, Beitler (and thereby BCRS) knew or should

24 have known that commissions and management fees were being paid and whether or not

25 he or it was receiving its appropriate share of these payments.  Given this knowledge, the

26 delay in this case was clearly not reasonable.  Failing to file an action after one year might

27 be "reasonable," but not after two or more years.

28

MOTION TO DISMISS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1   The prejudice element is also satisfied.  The Debtor was being paid for services

2   that he, not BCRS performed, and he was being paid what he believed he was owed.

3   Had BCRS raised its claim in a timely manner, the Debtor would have had the option of

4   declining to perform the services for "half price" and instead could have allocated his

5   resources to other more lucrative pursuits.  (Bral Declaration, ¶ 14).  He also would not be

6   facing the substantial purported claim that BCRS (and Beitler) are now asserting.  On

7   these facts, BRCS' claims should be deemed barred by the doctrine of laches.

8   In sum, the Complaint fails to state a claim for relief as each any every claim is

9   barred as a matter of law.  Because BCRS cannot establish an underlying claim against

10   the Debtor, its claims of non-dischargeability made by way of the Complaint are

11   unavailing, and the Complaint should be dismissed with prejudice.

12   **E.   The Fiduciary Relationship Required For Relief Under 11 U.S.C. §**

13   **523(a)(4) Is Not Present On The Facts Alleged.**

14   BCRS's Second Claim for Relief is based upon 11 U.S.C. § 523(a)(4).  The

15   "fiduciary" relationship upon which this claim is grounded is set forth in paragraph 72 of

16   the Complaint:

17   72. As manager of the SPEs with control of their funds, and as officer and
director of Venture, Bral was acting in a fiduciary capacity with respect to the

18   SPEs' funds and Venture's revenues, and owed BCRS fiduciary duties of
loyalty and care, to account and disclose financial information, and duties of

19   good faith and fair dealing, in dealing with the SPEs and their funds,

20   as well as commissions and property management fees.

21   The Debtor was, admittedly, co-manager of the SPEs. *However, BCRS was not a*

22   *member of any of the SPEs.* Accordingly, the Debtor did not owe any duty to BCRS of any

23   kind.

24   Although BCRS did have a contractual right to commissions under the terms of the

25   Westcliff Operating Agreement, Westcliff was obligated to make this payment to BCRS,

26   

27   not the Debtor, and this contractual right to payment does not give rise to the "fiduciary"

28   relationship in Section 523(a)(4)  as defined by the Ninth Circuit. In re Cantrell, 329 F.3d

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000 · Fax 714-966-1002

13

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1119, 1125 (9th Cir. 2003) ("[T]he fiduciary relationship must be one arising from an express or technical trust that was imposed before and without reference to the wrongdoing that caused the debt.") quoting Lewis v. Scott (In re Lewis), 97 F.3d 1182, 1185 (9th Cir.1996).

BCRS's contention that the Debtor owed BCRS a fiduciary duty under Section 523(a)(4) on account of his status as an officer of VREG, a California corporation, fails for the same reason. First, BCRS was not a shareholder of VREG. Accordingly, the Debtor, in his capacity as an officer of VREG, did not owe BCRS any duty of any kind. Moreover, a corporate officer is not deemed to be a fiduciary under Section 523(a)(4) . In re Cantrell, 329 F.3d 1119, 1125 (9th Cir. 2003). Accordingly, the Second Claim for Relief is untenable.

## IV.   CONCLUSION

The relief sought by BCRS is barred as a matter of law as the claims are barred by the statute of limitations, the doctrine of laches, and BCRS has not established standing to assert such claims. Accordingly, for the reasons stated herein, the Debtor moves this Court for an order (i) dismissing the Complaint with prejudice; and (ii) for such other and further relief as may be just and proper under the circumstances of this case.

Respectfully submitted,

Dated: November 9, 2017            LOBEL WEILAND GOLDEN FRIEDMAN LLP

By:  /s/ William N. Lobel
     WILLIAM N. LOBEL
     ALAN J. FRIEDMAN
     BETH E. GASCHEN
     Attorneys for Debtor and
     Debtor-in-Possession

MOTION TO DISMISS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000 · Fax 714-966-1002

## DECLARATION OF JOHN JEAN BRAL

I, John J. Bral, declare as follows:

1.      I am the debtor and debtor-in-possession in the above-captioned case, and I am over the age of 18.  The following is based upon my personal knowledge, except as otherwise noted, and if called as a witness herein, I could and would competently testify thereto.  I make this declaration in support of the motion ("Motion") for an order dismissing that certain *Complaint to Determine Non-Dischargeability of Debt Under Bankruptcy Code Section 523* (the "Complaint"), filed by Beitler & Associates, Inc., dba Beitler Commercial Realty Services ("BCRS"), an entity wholly-owned by Barry Beitler ("Beitler"), commencing Adversary Proceeding No. 8:17-ap-01094 ("Adversary 94"), to which this declaration is attached.  Any term not specifically defined herein shall have the meaning provided in the Motion.

### The SPEs

2.      Prior to 2007, Beitler and I formed a series of limited liability companies to acquire and manage commercial real estate projects in Southern California.  These limited liability companies include Westcliff Investors, LLC ("Westcliff"), Mission Medical Investors, LLC ("Mission"), Ocean View Medical Investors, LLC ("Ocean View") and Harbor Medical Investors, LLC ("Harbor").  Pursuant to the Operating Agreements of Westcliff, Mission, Ocean View and Harbor, Beitler and I were designated as the co-managers of these entities.

3.      I also formed Javaher Investors, LLC ("Javaher") and Eyestreet Medical Investors, LLC ("Eyestreet"), which were entities that also owned and managed commercial real estate projects.  I am the co-manager of Javaher.  I do not own an interest in Javaher, but Westcliff is a member.  I am the co-manager of Eyestreet and own a small membership interest in this entity.  Beitler did not hold an interest in either Javaher or Eyestreet and is not a manager of either entity.

MOTION TO DISMISS

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000   Fax 714-866-1002

1    4.    Westcliff, Mission, Ocean View, Harbor, Javaher and Eyestreet are

2    collectively referred to as the "SPEs" herein.

3    5.    True and correct copies of the Operating Agreements that govern the affairs

4    of the SPEs are attached to the Compendium of Exhibits filed concurrently herewith (the

5    "COE") as Exhibits "1" through "6," as follows:[12]

6         a.    Exhibit "1" – Westcliff Operating Agreement;

7         b.    Exhibit "2" – Mission Operating Agreement;

8         c.    Exhibit "3" – Ocean View Operating Agreement;

9         d.    Exhibit "4" – Harbor Operating Agreement;

10        e.    Exhibit "5" – Javaher Agreement; and

11        f.    Exhibit "6" – Eyestreet Operating Agreement.

12    6.    Pursuant to their respective Operating Agreements, the co-managers of

13    Westcliff, Mission, Ocean View and Harbor – Beitler and I – were jointly responsible for

14    managing the affairs of these entities, and jointly responsible for supervising the retention

15    and maintenance of their books and records during our terms as co-managers, and the

16    Operating Agreements of Westcliff and Mission designate us as these entities' tax matters

17    partners. I was responsible for performing these duties for Javaher and Eyestreet.

18    7.    The books and records of the SPEs were kept in the ordinary course of

19    business on the "QuickBooks" software program, in a consistent and business-like

20    manner.

21    8.    Beitler was initially responsible for setting up the "Quickbooks" based

22    accounting system that is still used by the LLCs today.

23    9.    For approximately ten years, Beitler's personal accountant, Robert Sargent,

24    prepared the LLCs' tax returns.

25

26    _____

27    [12] Mission and Westcliff (the "LLCs") were formed in 2003. Javaher was formed in 2005.
Ocean View, Harbor and Eyestreet were formed in 2006.

28

16                                    MOTION TO DISMISS

1    10.    At no point in time did Beitler ever contact me and advise me that he

2 (individually or on behalf of BCRS) considered these tax filings to be in error.

3    **The Management Entities and BCRS' Claims Regarding the Payment of**

4    **Management Fees and Commissions**

5    11.    After the formation of the SPEs, these entities required management

6 services, and brokerage services such as leasing and lease renewal.

7    12.    In 2006, I formed Venture RE Group, a California corporation ("VREG")

8 which performed such services for the SPEs. Beitler owned a fifty percent (50%) interest

9 in VREG. Attached as Exhibit "7" to the COE is a true and correct copy of a K-1 Form that

10 was issued to Beitler confirming his interest in this corporation. He received a similar tax

11 form every year, since VREG had made the "subchapter S" election under the Internal

12 Revenue Code.

13    13.    In October 8, 2013, I formed Bral Realty Advisors, Inc., a California

14 corporation ("BRAI"), which performed management and brokerage services for the SPEs

15 since January of 2014.

16    14.    With respect to the management fees and commissions being paid to me

17 through VREG and/or BRAI, these amounts were paid for services that I – not BCRS –

18 performed. The amounts paid were the amounts that I believed were owed pursuant to

19 the applicable agreements. Had BCRS raised the claims it is asserting by way of the

20 Complaint with respect to a disagreement as to these payments in a timely manner, I

21 would have had the option of declining to perform the services for "half price" and instead

22 could have allocated my resources to other more lucrative pursuits, and would have

23 indeed done so.

24    I declare under penalty of perjury that the foregoing is true and correct.

25    Executed this 9th day of November 2017, in Orange County, California.

26

27    John Jean Bral

28

Lobel Weiland Golden Friedman LLP
650 Town Center Drive, Suite 950
Costa Mesa, California 92626
Tel 714-866-1000   Fax 714-866-1002

17                                    MOTION TO DISMISS

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
650 Town Center Drive, Suite 950, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT JOHN JEAN BRAL'S MOTION FOR ORDER DISMISSING WITH PREJUDICE ALL CLAIMS FOR RELIEF ASSERTED BY PLAINTIFF BEITLER & ASSOCIATES, INC., DBA BEITLER COMMERCIAL REALTY SERVICES PURSUANT TO F.R.C.P. 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF JOHN JEAN BRAL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On November 9, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) November 9, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 9, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

SERVED VIA PERSONAL DELIVERY/ATTORNEY SERVICE
The Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130/Courtesy Bin
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/9/2017 | Lori Gauthier | /s/ Lori Gauthier |
|-----------|---------------|-------------------|
| Date | Printed Name | Signature |

#1139514

## SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- **Beth Gaschen**    bgaschen@wgllp.com,
  kadele@wgllp.com;lfisk@wgllp.com;lgauthier@lwgfllp.com;nlockwood@lwgfllp.com
- **Mark D Hurwitz**    mhurwitz@lsl-la.com, dsmall@lsl-la.com
- **Gary E Klausner**    gek@lnbyb.com
- **William N Lobel**    wlobel@lwgfllp.com,
  nlockwood@lwgfllp.com;jokeefe@lwgfllp.com;banavim@wgllp.com
- **Krikor J Meshefejian**    kjm@lnbrb.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

## SERVED VIA FIRST-CLASS MAIL:

Office of the United States Trustee
411 West Fourth Street, Suite 7160
Santa Ana, CA 92701